IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED MAY 15 2019 CIRCUIT COURT CLERK BY _____ D.C.

VICTORIA WHITE
    Plaintiff,

v.

No.: CT-2205-19
Jury Demanded
DIV: VIII

SHELBY COUNTY, TENNESSEE,
MARK LUTTRELL, Individually and in his official capacity,
BILL OLDHAM, Individually and in his official capacity,

    Defendants.

## COMPLAINT

Comes now the Plaintiff, VICTORIA WHITE, by and through her attorney of record, Gerald Green, and sues the Defendants, SHELBY COUNTY, TENNESSEE; MARK LUTTRELL, Individually and in his official capacity; and BILL OLDHAM, Individually and in his official capacity, and for cause would show unto the Honorable Court as follows:

### PRELIMINARY STATEMENT

The County of Shelby County, Tennessee has implemented a policy authorizing citizens to be detained in the Shelby County, Tennessee (Shelby County Jail East and Shelby County Penal Farm) for an indeterminative amount of time after said citizens have fully served a sentence that had been imposed upon said citizens. This policy allows for Shelby County, Tennessee to effectively arrest and detain citizens without probable cause, a charge or a conviction. This policy violates the Fourth, Eighth and Fourteenth Amendment. Plaintiff was unconstitutionally detained in the Shelby County Penal Farm for no purpose whatsoever for over six days beyond the sentence that was imposed upon said Plaintiff.

**COLLECTIVE EXHIBIT 1**

## Parties

1. Victoria White is a resident of the County of Tipton, State of Tennessee and resides at 2097 Dolan Road, Drummonds, TN 38023.

2. That the Defendant, Shelby County, Tennessee is a county government organized under the laws of the State of Tennessee and may be served with process through the Office of the County Mayor Lee Harris located at 160 N. Main St., Ste. 625, Memphis, TN 38103.

3. That the Defendant, MARK LUTTRELL, was the Mayor of Shelby County, Tennessee and may be served with process through the mayor's office located at 160 N. Main St., Ste. 625, Memphis, TN 38103.

4. That the Defendant, BILL OLDHAM, was the Sheriff of Shelby County, Tennessee and may be served with process through the sheriff's office located at 201 Poplar, Suite 902, Memphis, TN 38103.

## Jurisdiction and Venue

5. This action is brought pursuant to 42 U.S.C. §1983 (federal civil rights), (due process violations) the Fourth and Fourteenth Amendments to the United States Constitution and (cruel and unusual punishment violations) the Eighth Amendment. This Court's jurisdiction is premised upon 42 U.S.C. Sec. 1983 which grants this Court jurisdiction over said matters.

6. Because all the events that give rise to this litigation occurred in Shelby County, Tennessee, venue is proper in this Court.

## JURY DEMAND

7.  The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

8.  That at all times complained Defendants Mark Luttrell, and Bill Oldham acted as agents to the principal Defendant Shelby County, Tennessee. And Defendant Shelby County, Tennessee at all times ratified the actions of its agents, Defendants Mark Luttrell, and Bill Oldham,.

9.  Plaintiff Victoria White three minor children who reside with her at her home. She is the primary caregiver of her three minor children

10. On May 16, 2018, Plaintiff Victoria White pled guilty to the crime of Driving Under the Influence with Child Endangerment in the Criminal Court of Shelby County, Tennessee.

11. Plaintiff Victoria White was sentenced to 11 months, 29 days for the crime. She was to serve 32 days with the remaining 10 months, 27 days to be suspended.

12. Plaintiff Victoria White was arrested for Driving Under the Influence with Child Endangerment on August 20, 2017. She was released on bond.

13. On April 12, 2018, Plaintiff Victoria White's bond was forfeited and she was incarcerated in the Shelby County Jail East.

14. Between the dates of April 12, 2018 and May 16, 2018, Plaintiff Victoria White was incarcerated for a period of 32 days for which she was to received credit as time served.

15. Having served 32 days prior to the entry of her guilty plea whereby she was to serve 32 days, Plaintiff Victoria White was to be released from incarceration on May 16, 2018.

16. Rather than release Plaintiff Victoria White from incarceration on May 16, 2018 Defendants transferred the Plaintiff from Shelby County Jail East to the Shelby County Penal Farm.

17. At the time the Defendants transferred Plaintiff Victoria White from Shelby County Jail East to the Shelby County Penal, the employees and agents of Defendant Shelby County, Tennessee knew or should have known that Plaintiff Victoria White had credit for serving 32 days in Shelby County Jail East.

18. When this matter was brought to the attention of the Shelby County Penal Farm, they disregarded the fact that Plaintiff Victoria White had credit for serving 32 days and kept her incarcerated for a period of time beyond what she was sentenced.

19. Plaintiff Victoria White was released from Shelby County Penal Farm on May 23, 2018.

20. Plaintiff Victoria White had to serve 6 days, or 144 hours more than what she was sentenced to serve.

21. There was no probable cause for the continued detention of Plaintiff Victoria White by Defendant Shelby County, Tennessee.

22. There was absolutely no reason for the continued detention of Plaintiff Victoria White for a period of time of six two days beyond the period of time for which she was sentenced. This six-day extension means that Plaintiff Victoria White had to serve almost 20% more time than that to which she was sentenced.

23. Defendant Shelby County, Tennessee has implemented a policy which does not allow for the appropriate release of inmates after said inmates have fully served said sentence.

24. Defendant Shelby County, Tennessee has implemented a policy which allow for the indefinite detention of inmates after having fully served said sentence.

25. Defendant Shelby County, Tennessee has implemented a policy which allows for the arrest and detention of an individual without probable cause.

26. Defendant Shelby County, Tennessee has implemented a policy which allows for the continued arrest and detention of an individual after having fully served said sentence.

27. Defendant Shelby County, Tennessee has implemented a policy which does not allow for an individual to be released when Defendant Shelby County, Tennessee failed to do the proper paperwork to effect the timely release of an inmate after having fully served said sentence.

28. Defendant Shelby County, Tennessee has implemented a policy which does not allow for the proper calculation of time served by an individual and subsequently does not provide for the efficient and timely release of an incarcerated individual.

29. Defendants Luttrell and Oldham are the individuals responsible for establishing the policies and procedures for the running of Shelby County Jail East and the Shelby County Penal Farm.

30. Plaintiff Victoria White was unlawfully detained and arrested as a direct and proximate result of the policies and procedures of Defendant Shelby County, Tennessee, Shelby County Jail East, and Shelby County Penal Farm.

31. That due to the violations of the Plaintiff's constitutional rights in contravention of the Civil Rights Act (42 U.S.C. Sec. 1983), for the negligence of the Defendants, for the gross negligence of the Defendants, and infliction of emotional distress caused by the Defendants, the Plaintiffs seeks compensatory, special and punitive damages in an amount of no less than

$500,000.00.

## CAUSES OF ACTION
## COUNT I

Violation of 42 U.S.C. Sec. 1983

(Due Process Violations)

32. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-31 as if set forth herein verbatim.

33. 42 U.S.C. §1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state…subjects or causes to be subjected, any citizen of the United Sates, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

34. To establish liability under 42 U.S.C. §1983, a Plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Alkire v. Irving*, 330 F.3d 802,813 (6th Cir. 2003).

35. The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. Amend IV.

36. By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

37. Whether an arrest violates the Fourth Amendment depends upon whether, at the moment the arrest was made, the officers had probable cause to arrest the arrestee – i.e. whether at that moment the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent person in believing the arrestee had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

38. A Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement. *Brower v. County of Inyo*, 489 U.S. 593, 596-597 (1989).

39. A person acts under color of state law when the action in question is made possible only because the wrongdoer is clothed with the authority of state law. *See Monroe v. Pape*, 365 U.S. 167, 180 (1961).

40. At all times material to this Complaint the Defendants who detained the Plaintiff Victoria White were acting under color of Tennessee law.

41. Plaintiff Victoria White was seized and detained unreasonably by the Defendant Shelby County, Tennessee, without probable cause, under color of Tennessee law, in violation of the Fourth Amendment to the United States Constitution made applicable to the states by its incorporation into the Fourteenth Amendment, giving rise to liability under 42 U.S.C. §1983.

42. As a direct and proximate result of the Fourth Amendment violations, Plaintiff Victoria White suffered damages including:

    a. loss of liberty

    b. emotional distress and mental anguish

    c. personal humiliation

    d. damage to reputation

    e. physical suffering

43. A County is liable under 42 U.S.C. §1983 for the acts of those who speak with final policy making authority for a county and violate an individual's constitutional rights. *Gregory v. Shelby County, Tennessee*, 720 F.3d 433, 441 (6th Cir. 2000).

44. Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

45. Defendant Oldham is responsible for the hiring, training, and control of all deputies of the Shelby County County Sheriff's Department. Defendant Oldham establishes Shelby County policy with respect to the arresting and detention of persons in the Shelby County Jail East and the Shelby County Penal Farm.

46. Defendants authorized detaining Plaintiff Victoria White without probable cause or any cause, thereby rendering Shelby County liable for the unconstitutional acts and damages detailed in this complaint.

47. Additionally, in the past this Court has ordered that individuals unlawfully detained are to be compensated at a rate of $2,000.00 per hour for this unconstitutional act. *See Rhodes v. Lauderdale County, Tennessee* (U.S. District Court, Western District of Tennessee 2:10-cv-02068-JPM-dkv) (a copy of which is attached as Exhibit "A").

48. As the direct and proximate result of the violation of the Plaintiffs' constitutional rights (due process violations), the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

## COUNT II

### Violation of 42 U.S.C. Sec. 1983

### (Cruel and Unusual Punishment Violations)

49. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-48 as if set forth herein verbatim.

50. 42 U.S.C. §1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state...subjects or causes to be subjected, any citizen of the United Sates, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

51. To establish liability under 42 U.S.C. §1983, a Plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Alkire v. Irving*, 330 F.3d 802,813 (6th Cir. 2003).

52. The Eighth Amendment to the United States Constitution provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. Amend VIII.

53. A person acts under color of state law when the action in question is made possible only because the wrongdoer is clothed with the authority of state law. *See Monroe v. Pape*, 365 U.S. 167, 180 (1961).

54. At all times material to this Complaint the Defendants who detained the Plaintiff Victoria White were acting under color of Tennessee law.

55. Plaintiff Victoria White was seized and detained unreasonably by the Defendant Shelby County, Tennessee, beyond and in excess of her court ordered term of sentence. Since her punishment exceeded the limits which were ordered by the court, Plaintiff Victoria White was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment of the U.S. Constitution.

56. As a direct and proximate result of the Eighth Amendment violations, Plaintiff Victoria White suffered damages including:

a. loss of liberty

b. emotional distress and mental anguish

c. personal humiliation

d. damage to reputation

e. physical suffering

57 A County is liable under 42 U.S.C. §1983 for the acts of those who speak with final policy making authority for a county and violate an individual's constitutional rights. *Gregory v. Shelby County, Tennessee*, 720 F.3d 433, 441 (6th Cir. 2000).

58. Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

59. Defendant Oldham is responsible for the hiring, training, and control of all deputies of the Shelby County County Sheriff's Department. Defendant Oldham establishes Shelby County policy with respect to the arresting and detention of persons in the Shelby County Jail East.

60. Defendants authorized detaining Plaintiff Victoria White without probable cause or any cause, thereby rendering Shelby County liable for the unconstitutional acts and damages detailed in this complaint.

61. As the direct and proximate result of the violation of the Plaintiffs' constitutional rights the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

## Count Three

### Common Law Negligence (Damage to the Person)

62. The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-48 as if set forth herein verbatim.

63. Plaintiff alleges that Defendants are guilty of the following acts of common law negligence, to wit:

   a. failing to timely release the Plaintiff

   b. failing to properly administer the Plaintiff's period of incarceration

   c. false imprisonment

64. That the Defendants owed a duty of care to the Plaintiff.

65. That the Defendants breached the duty of care owed to the Plaintiff.

66. That the aforementioned acts of negligence result out of the breach of the duty of care that said Defendants owed to the Plaintiff.

67. These acts of negligence are the direct and proximate result of injuries to the Plaintiff which have caused the Plaintiff permanent injury, including but not limited to emotional distress and extreme pain and suffering.

68. As the direct and proximate result of the Defendants' acts of negligence, the Plaintiff's body has been damaged in an amount to be proven at a hearing of this cause

## Count Four

## Governmental Tort Liability

69. The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-55 as if set forth herein verbatim.

70. At all times complained, the employees, agents and officers of Defendants was on or about the business of the Defendants. Therefore, all negligence on the part of Defendants is imputed and charged against the Defendant Shelby County, Tennessee.

71. This suit is brought pursuant to T.C.A. §29-20-101, *et. seq.*, Governmental Tort Liability Act ("GTLA"). Plaintiffs assert that the Defendant Shelby County, Tennessee is excepted from immunity as set forth in T.C.A. §29-20-202 and §29-20-205.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendants herein requiring them to answer this Complaint.

2. That the Plaintiff reserve the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory, special, exemplary and punitive in an amount to be proven at a hearing of the cause.

5. That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6.     For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

*[signature]*

**GERALD S. GREEN**   #9470
P.O. Box 264
Memphis, TN  38101
T – 901-826-7955
F – 901-201-5885
E – sixmillion_643@msn.com

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-2205-19

☉ Lawsuit
○ Divorce

Ad Damnum $ 500,000.00

**Plaintiff(s):** VICTORIA WHITE

**VS**

**Defendant(s):** SHELBY COUNTY, MARK LUTRELL & BILL OLDHAM

TO: (Name and Address of Defendant (One defendant per summons)):

County Attorney
160 N. Main, Ste. 625
Memphis, TN 38103

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Gerald S. Green**, Plaintiff's attorney, whose address is **P.O. Box 264, Memphis, TN 38101**, telephone **901-826-7955**, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED 05-15-19

By _____, D.C.

**TO THE DEFENDANT:**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20___.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master  By _____, D.C.